## Frye v. State Farm Mutual Automobile Insurance Co.

*James D. McDonald,* for plaintiff.
*Sean J. McLaughlin,* for defendant.

NYGAARD, *J.,* August 21, 1985—On June 15, 1984, this court directed a verdict in favor of plaintiff at the conclusion of defendant's case. Defendant filed a timely motion for post-trial relief wherein it has requested that the directed verdict be lifted and a new trial granted. Plaintiff filed a motion for post-trial relief by which she has requested this court to reverse its previous finding wherein we concluded that plaintiff was not entitled to award of attorney's

fees. For the reasons that follow, plaintiff's motion will be granted and defendant's motion denied.

Plaintiff was involved in an automobile accident while she was riding as a passenger in a vehicle owned and operated by one Louis J. Nardo, Sr. As a direct result of that collision, plaintiff was injured and incurred medical expenses.

At the time of the accident, plaintiff was an owner of a 1980 Volkswagen Custom Rabbit, which vehicle was insured under a policy of insurance issued to the plaintiff by defendant. This policy of insurance provided security for plaintiff in accordance with the provisions of the Pennsylvania No-fault Motor Vehicle Insurance Act and was in force at the time of the accident.

Following the accident, plaintiff submitted a no-fault application for benefits to defendant, seeking payment of all benefits to which she was entitled. By letter thereafter, defendant denied payment, advising plaintiff's counsel that plaintiff had elected to have her no-fault benefits payable as excess to her Blue Cross/Blue Shield benefits and that defendant would only pay medical expenses which had not been paid by Blue Cross/Blue Shield. At the time of the trial, defendant presented evidence that an election had been made by plaintiff's ex-husband (although no documentary evidence was found to substantiate this claim). However, even if all the evidence presented by defendant is accepted as true, it has failed to make out a case in its own defense. The express language of the Pennsylvania No-fault Motor Vehicle Insurance Act provides that only an owner or an operator of a vehicle may make a valid election under section 203 of the act. Surely not an ex-husband! It is evident to the court that the reason why this requirement was placed in the act was to prevent such a situation as has been present-

ed to this court—one in which plaintiff could be left completely without protection and without any knowledge or participation on her part. Such a position makes little sense to this court, and I am sure it made little sense to the legislature. For that reason they required that an owner or an operator of a vehicle make the election. Accordingly, defendant's motion for a new trial is denied.

Plaintiff has also requested relief from this court's ruling that she would not be entitled to attorney's fees. The court is persuaded that our previous ruling was in error. We are convinced that the insurance company's denial of plaintiff's application for benefits was without reasonable foundation. We are convinced that the insurance company had available to it all facts necessary to determine that plaintiff was entitled to payment, but has nevertheless chosen to litigate the issues. Under these circumstances we believe that an award of reasonable fees is warranted. See our decision in Stepling v. PMA Insurance Company, 24 D.&C.3d 618 (1982), affirmed at 328 Pa. Super. 419, 477 A.2d 515 (1984).

Accordingly we enter the following

## ORDER

And now, this August 21, 1985, upon consideration of the motions for post-trial relief, it is hereby ordered, adjudged and decreed as follows:

1. Defendant's motion for post-trial relief is hereby denied; and

2. Plaintiff's motion for post-trial relief is hereby granted and November 25, 1985, at 1:30 p.m. is set for a hearing to determine the amount of attorney's fees which shall be awarded.